UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-221-BR

| | | |
|---|---|---|
| ABANOOB ABDEL-MALAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CAPE FEAR VALLEY MEDICAL CENTER, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 24 July 2020 Memorandum and Recommendation ("M&R") of U.S. Magistrate Judge Robert T. Numbers, II.   (DE # 9.)   In the M&R, Judge Numbers recommends that plaintiff's request for a temporary restraining order be denied and that his complaint be dismissed for failure to state a claim to relief under 28 U.S.C. § 1915(e)(2)(B).[1]   A week after issuance of the M&R, plaintiff filed an "*ex parte*" motion to amend his complaint and for the appointment of the United States Marshal Service to serve process, (DE # 11), and a demand for a jury trial and the disqualification of Judge Numbers, (DE # 12).   In these two documents, the only issue plaintiff appears to have with the M&R are Judge Numbers' two references to plaintiff's allegation that someone "shot him."   (DE # 12, at 1; see

---

[1] In the same filing, Judge Numbers also granted plaintiff's application to proceed without prepaying fees or costs and denied his motions for appointment of counsel, to transfer and consolidate, and for permission to file documents through the court's electronic filing system.   Plaintiff filed a notice of appeal, attempting to directly appeal to the Supreme Court.   (DE # 13.)   The Clerk returned the notice of appeal to plaintiff and directed him to file the document with the Supreme Court.   (DE # 14.)   Assuming plaintiff has in fact appealed Judge Numbers' order, the appeal does not divest this court of jurisdiction because the order is a non-appealable interlocutory order.   See Awe v. Clarke, 535 F. App'x 228, 229 (4th Cir. 2013) (recognizing an order denying a motion for a venue transfer is not final nor an appealable interlocutory or collateral order); United States v. Jones, 367 F. App'x 482, 484 (4th Cir. 2010) ("[T]he district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order." (citation omitted)); Garland v. Catoe, 12 F. App'x 102, 103 (4th Cir. 2001) (dismissing the plaintiff's appeal from the magistrate judge's order denying a motion for appointment of counsel because such an order is not final or an appealable interlocutory or collateral order).

Case 5:20-cv-00221-BR   Document 15   Filed 09/28/20   Page 1 of 2

also DE # 11, at 4.)   In this vein, plaintiff seeks leave to amend his complaint to correct a typographical error, that is, to replace the word "shot" with the word "treated."   (DE # 11, at 4.) He also seeks to amend his complaint to correct other unidentified typographical errors "and perform discovery and legal research . . . ."   (Id. at 5.)

Considering plaintiff's complaint as amended, by omitting the word "shot" and replacing it with "treated," does not change the analysis or conclusions reached by Judge Numbers in the M&R.   Thus, amendment of the complaint would be futile, and plaintiff's motion to amend is DENIED.   To the extent plaintiff's recent filings could be deemed objections to the M&R, the court has conducted a de novo review, see 28 U.S.C. § 636(b)(1), and such objections are OVERRULED.   The court adopts the M&R as its own.   Plaintiff's request for a temporary restraining order is DENIED, and his complaint is DISMISSED for failure to state a claim.

This 28 September 2020.

_____
W. Earl Britt
Senior U.S. District Judge